IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MIKE CHANEY, et al, )
)
    Plaintiffs, ) NO. 3:05-0798
) JUDGE HAYNES
v. )
)
FIRST AMERICAN NATIONAL )
BANK, now known as REGIONS )
BANK, and FIRST TENNESSEE )
BANK, )
)
    Defendants. )

## MEMORANDUM

Plaintiffs, Mike Chaney,[1] Commissioner of Insurance for the State of Mississippi, in his official capacity as Receiver of Franklin Protective Life Insurance Company, Family Guaranty Life Insurance Company, and First National Life Insurance Company of America; Scott B. Lakin, Director of the Department of Insurance for the State of Missouri, in his official capacity as Receiver of International Financial Services Life Insurance Company; Carroll Fisher, Insurance Commissioner for the State of Oklahoma, in his official capacity as Receiver of Farmers and Ranchers Life Insurance Company; and Mike Pickens, Insurance Commissioner for the State of Arkansas, in his official capacity as the Receiver of the Old Southwest Life Insurance Company filed this action originally in a Mississippi state court against the Defendants: First American National bank, later known as AmSouth Bank ("AmSouth"),[2] an Alabama corporation and First

---

[1] Chaney was substituted for the original Plaintiff George Dale by Order entered January 15, 2008. (Docket Entry No. 225). Paula Flowers, the then Tennessee Commissioner of Tennessee was among the original Plaintiffs, but her successor non-suited her claims.

[2] The original Defendant First American National Bank, later known as AmSouth has since merged into Regions Bank, an Alabama citizen.

Tennessee Bank ("FTB"), a Tennessee corporation. Plaintiffs asserted state law claims against AmSouth and FTB for their handling of wire transfers embezzled by Marvin Frankel, the former chief executive officer of the above named insurance companies regulated by the Plaintiffs.

The Defendants removed this action to the federal district court in Mississippi. The Tennessee Plaintiff non-suited her claims against these Defendants after the removal. The Honorable Tom S. Lee, Senior District Judge for the Southern District of Mississippi, entered an Order denying Plaintiffs' first motion to remand despite the lack of complete diversity at the time of the removal. Judge Lee also noted that if the action were remanded, the Defendants could still move to remand this action with the absence of a Tennessee Plaintiff. Judge Lee also transferred this action to this District.

Before the Court is the Plaintiffs' renewed motion to remand this action to the Mississippi state court from which this action was originally removed. (Docket Entry No. 202). Plaintiffs contend, in sum, that at the time of the original removal, there was a lack of complete diversity of the parties and that the non-diverse party's subsequent dismissal cannot cure that original defect given that this action has not proceeded to trial or judgment. Plaintiffs rely upon a recent Sixth Circuit decision, Gentek Bldg. Prod., Inc. v. The Sherwin-Williams Co., 491 F.3d 320 (6th Cir. 2007) for their contentions that this Court must dismiss this action for lack of jurisdiction as the transferor district court lacked jurisdiction at the time of removal.

Regions, the sole remaining Defendant, responds, in essence, that the prior Order denying a remand is governed by the law of the case doctrine and under that doctrine, Gentek merely restates the pertinent law on removal and does not qualify for reconsideration of the prior Order denying Plaintiffs' motion to remand. Regions also notes that its motion for summary judgment

2

was pending and only after discovery and the deadline for Plaintiffs' response to that motion, did the Plaintiffs filed their "renewed" motion to remand. Finally, Regions cites Plaintiffs' prior appeal of the first related action in this Court where the Sixth Circuit stated that any original jurisdictional defect in the initial removal of the Mississippi state action, was "cured by the subsequent creation of jurisdiction." AmSouth Bank v. Dale, 386 F. 3d 763,785 (6th Cir. 2004)

Plaintiffs respond that the "law of the case" doctrine is inapplicable here as the Plaintiffs' renewed motion to remand raises a jurisdictional challenge. Second, Plaintiffs contend that the cited language in AmSouth is dicta and is non-binding, as there, the Sixth Circuit expressly declined to decide the removal issues. Id. at 780. Third, Plaintiffs insist that the Sixth Circuit's subsequent decision in Gentek requires a remand because this the district court in Mississippi lacked jurisdiction at the time of removal and this action has not proceeded to judgment or trial.

## A. PROCEDURAL HISTORY

The parties' controversy generated two legal actions: the Defendant filed the first action in this district and Plaintiff filed the second action in the Mississippi state court. On July 18, 2002, Regions's predecessor, AmSouth, filed the first action in this district, a declaratory action contending that federal law preempted Plaintiffs' state law claims. AmSouth Bank v. Dale, et al, 3:02cv 0677. On July 19, 2002, FTB filed a similar declaratory judgment action in this district. First Tennessee Bank v. Dale, et al., 3:02cv 0683, On July 31, 2002, Plaintiffs filed their action in the Circuit Court of Hinds County, Mississippi against the Defendants: the original Defendant First American National Bank, then known as AmSouth Bank, an Alabama bank with its principal place of business in Alabama, and First Tennessee Bank ("FTB"), a national bank with its principal place of business in Tennessee.

3

On September 5, 2002, AmSouth removed the Mississippi state court action to the federal district court in Mississippi, citing federal question and diversity jurisdiction. AmSouth contended that either FTB or AmSouth was fraudulently joined in the state court action to avoid removal. FTB later consented to AmSouth's removal. On October 7, 2002, Plaintiffs filed a motion to remand for lack of subject matter jurisdiction.

With the filing of the Mississippi state court action, the Defendants moved this Court to enjoin the Plaintiffs' Mississippi action under the first filed action rule. The Court agreed, but on September 21, 2004, the Sixth Circuit reversed, concluding that the Defendant's federal preemption involved ordinary preemption that was insufficient to establish federal jurisdiction and that the Defendant's action was inappropriate as a declaratory judgment action. AmSouth Bank, 386 F.3d at 777, 784-791. As noted, the Sixth Circuit discussed, but did not decide issues about removal of the Mississippi State Court action. Id. at 777-80

As the Sixth Circuit noted, on June 26, 2003, the Tennessee Plaintiff voluntarily dismissed her claims with prejudice in the Mississippi federal court. Id. at 773. On July 15, 2003, AmSouth and FTB filed a "Supplemental Notice of Removal" in the Mississippi district court based upon the then complete diversity between Plaintiffs and Defendants AmSouth and FTB. Judge Lee ruled that dismissal of the Tennessee Plaintiff cured the lack of complete diversity at the time of the initial removal and that a remand was not required and on May 12, 2005, Judge Lee denied Plaintiffs' motion to remand. Dale v. First Am. Nat'l Bank, 370 F. Supp. 2d 546, 551 (S.D. Miss. 2005). Judge Lee also denied the Receivers' motion to strike Defendants' Supplemental Notice of Removal. Id. at 552. Regions notes that Plaintiffs did not file a motion to consider that ruling. On September 30, 2005, Judge Lee granted Defendants'

4

motions to transfer this action to this district. Dale v. First Am. Nat'l Bank, 395 F. Supp. 2d 451, 453 (S.D. Miss. 2005).

On February 22, 2006, Defendants filed motions for summary judgment on their federal preemption defense[3] that Defendants asserted, presented solely a legal issue. The Court, however, granted Plaintiffs' requests for discovery, but limited discovery to the preemption defense in the Defendants' motions for summary judgment that if granted, would eliminate the extraordinary costs of merits discovery. (Docket Entry No. 151 Case Management Order No. 1 at p. 4). On September 26, 2006, the Court denied the Defendants' motions for summary judgment without prejudice to renew given the parties' discovery and extensive discovery disputes. (Docket Entry Nos. 193 and 194). On October 15, 2007, this Court resolved the discovery disputes and allowed the Defendants to renew their summary judgment motions. (Docket Entry No. 194). Regions renewed its summary judgment motion on October 18, 2007, and FTB re-filed its summary judgment motion on October 25, 2007. (Docket Entry Nos. 195 and 196).

After the Orders granting extensions of time, on January 10, 2008, the Plaintiffs filed their response to the Defendants' motions for summary judgment (Docket Entry Nos. 206 through 224), but Plaintiffs also filed their "renewed" motion to remand and later, a motion to stay a ruling on all motions until a decision on its renewed motion to remand.(Docket Entry No. 202 and 259). In light of the jurisdictional issues raised in the renewed motion to remand and the extraordinary costs for merits discovery, the Court granted Plaintiffs' motion to stay and again

---

[3] Regions notes that its motion is essentially the same motion filed and taken under advisement in the parallel declaratory judgment actions in 2004.

5

denied the Defendant's renewed motion for summary judgment without prejudice to renew after the jurisdictional issues were completely resolved. (Docket Entry No. 283 and 284). On October 18, 2008, Plaintiffs and FTB jointly moved to dismiss Plaintiffs' claims against FTB (Docket Entry No. 285) that the Court granted. (Docket Entry No. 286).

## Conclusions of Law

As to Regions's law of this case contentions, this doctrine "expresses the practice of courts generally to refuse to reopen what has been decided." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (quoting Messenger v. Anderson, 225 U.S. 436, 444 (1912)). Under this doctrine, once a court rules on an issue, that ruling controls and bars reconsideration of that Order in later proceedings. Id. at 811. The doctrine also extends to any issue decided, explicitly or by necessary implication, in the first ruling. Fitts v. Sicker, 232 Fed. Appx. 436, 444 (6th Cir. 2007). The law of the case doctrine has been applied to an Order denying a motion to remand. Benson v. SI Handling Sys., Inc., 188 F.3d 780, 783 (7th Cir. 1999).

Yet, the law of the case doctrine permits reconsideration of a ruling when: (1) different evidence is raised at a subsequent trial; (2) a subsequent contrary view of the law is decided by the controlling authority; or (3) a previous decision is clearly erroneous and would work a manifest injustice. United States v. Campbell, 168 F.3d 263, 269 (6th Cir. 1999); Hanover Ins. Co. v. American Ene'g Co., 105 F.3d 306, 312 (6th Cir. 1997). Where the remand motion challenges the court's jurisdiction to hear the action, the Supreme Court stated:

> Longstanding decisions of this Court make clear, however, that where after removal a case is tried on the merits without objection and the federal court enters judgment, **the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would**

6

**have had original jurisdiction of the case had it been filed in that court.**
Grubbs v. General Electric Credit Corp., 405 U.S. 699, 702 (1972) (emphasis added). Jurisdictional challenges can be raised at any time, including for the first time on appeal. See Edelman v. Jordan, 415 U.S. 651, 678 (1974) (jurisdictional challenge first raised in the Supreme Court). Upon its initial reading of Gentek, the Court deemed Plaintiff's contention to have merit. To be sure, absent an objection, " the validity of the removal procedure followed may not be raised for the first time on appeal." Grubbs, 405 U.S. at 700. Yet, with Plaintiffs' prior motion to remand based upon a jurisdictional challenge and Gentek, the Court declines to apply the law of the case doctrine to bar consideration of Plaintiffs' renewed motion to remand. In light of AmSouth, there is not any federal jurisdiction, 386 F.3d at.777-78 and if the Court lacks diversity jurisdiction, this action must be dismissed or remanded to the Mississippi state court.

Plaintiffs rely upon Gentek as establishing new principles based upon the Supreme Court's decisions involving jurisdictional challenges in the context of a motion to remand. In Gentek, the plaintiff filed a warranty action in state court against Sherwin-Williams for sale of a product with defective coating material. 491 F.3d at 324. Sherwin-Williams removed the action to federal court citing the Magnuson-Moss Act, 15 U.S.C. § 2301 et seq. Gentek did not challenge removal, but amended its complaint to state a claim under the Magnuson-Moss Act. In its motion for summary judgment, Sherwin-Williams admitted that the product at issue "is not a 'consumer product' as defined by Magnuson-Moss." Id. The plaintiff then moved to remand the action to state court, citing Sherwin-Williams's representation of a federal law as improper and as depriving the district court of subject-matter jurisdiction without a federal law claim. Id. The district court denied the remand motion because jurisdiction vested when after removal, the

7

plaintiff's amended complaint asserted federal law claims. Id.

On appeal, the Sixth Circuit affirmed and agreed that the plaintiff had waived any challenge to improper removal by amending its complaint to state a federal claim. After discussing precedents from other Circuits, the Sixth Circuit stated the following principles on jurisdictional challenges in the context of removal:

> ...[T]he Supreme Court faced a similar situation of improper removal in Grubbs v. General Electric Credit Corp., 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972); though, unlike Brough, there was no objection to the removal (i.e., a motion to remand to state court). The Court held that "an erroneous removal need not cause the destruction of a final judgment, if the requirements of federal subject-matter jurisdiction are met at the time the judgment is entered." Caterpillar Inc. v. Lewis, 519 U.S. 61, 73, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (discussing Grubbs, 405 U.S. at 700, 92 S.Ct. 1344). Under those circumstances, "the validity of the removal procedure followed may not be raised for the first time on appeal." Id. (quoting Grubbs, 405 U.S. at 700, 92 S.Ct. 1344) (emphasis removed); accord Tolton, 48 F.3d at 941 (noting that, under Grubbs, plaintiffs could not challenge removal after having summary judgment granted against them).
>
> \* \* \*
>
> The Supreme Court revisited these issues in 1996 in Caterpillar Inc. v. Lewis, reaffirming that a plaintiff who fails to object to removal waives any challenge to that removal once a jurisdictional defect is cured and a federal court enters judgment. 519 U.S. at 61, 117 S.Ct. 467. But the Court also held (perhaps contrary to broader statements in Brough and Bernstein) that a plaintiff who timely objects in that situation may still-at least under certain conditions-challenge the removal. Id. There, the defendant removed a state-court suit, purportedly based on diversity jurisdiction. Id. at 65, 117 S.Ct. 467. The plaintiff objected and moved to remand to state court; the district court denied this motion, and the case proceeded to a jury trial ending in a verdict for the defendant. Id. at 66, 117 S.Ct. 467. On appeal to this Court, we determined that diversity was not complete at the time of removal. Id. at 67, 117 S.Ct. 467. Accordingly, even though the nondiverse defendant was dismissed before judgment, we vacated the district court's judgment. Id.
>
> The Supreme Court reversed. The Court first explained that although Grubbs instructs that a judgment can stand even when removal was improper, Grubbs was "not dispositive of the question whether a plaintiff, who timely objects to removal,

8

may later successfully challenge an adverse judgment on the ground that the removal did not comply with statutory prescriptions." Id. at 73, 117 S.Ct. 467. Then, acknowledging that the plaintiff had preserved his objection to improper removal, the Court nonetheless held that the plaintiff's arguments "run up against an overriding consideration. Once a diversity case has been tried in federal court, with rules of decision supplied by state law under the regime of Erie R. Co. v. Tompkins ..., considerations of finality, efficiency, and economy become overwhelming." Id. at 75, 117 S.Ct. 467. The Court also emphasized that, for the judgment to stand, jurisdiction must exist "at the end of the day and case." Id. at 76-77, 117 S.Ct. 467 Because the jurisdictional defect (lack of diversity) was cured at the time of judgment, the Court held that we erred by vacating the judgment. Id. at 77, 117 S.Ct. 467.


Cases since Caterpillar show its limits: although the considerations of finality outweighed the plaintiff's objection to improper removal there, those considerations are not always weighty enough-even if there is a final judgment. The Fifth Circuit addressed that situation in Waste Control Specialists LLC v. Envirocare of Texas, Inc., 199 F.3d 781 (5th Cir.2000). There, the court held that a plaintiff's objection to improper removal based on purported federal-question jurisdiction preserved the objection (even though the plaintiff eventually amended its complaint to state a federal claim) despite that the court entered judgment against the plaintiff based on a Rule 12(b)(6) motion to dismiss. Id. at 783. The court explained that the Caterpillar Court's concerns about finality and economy were particularly focused on diversity cases-in which the federal court applies the state law exactly as a state court would-and arguably were not implicated where, as in Waste Control, a state court would treat the plaintiff's claim differently from the federal question that claim purportedly involved. Id. at 786 n. 2. Additionally, the court explained that it was "greatly influenced because there was no trial on the merits," a notion that encompasses summary-judgment dismissal as well as a full bench or jury trial. Id. at 786. The court accordingly held that the plaintiff, despite amending its complaint to state a federal claim and then losing on a motion to dismiss, preserved its objection to the improper removal. Id. at 786. The court therefore vacated the district court's judgment for lack of subject-matter jurisdiction. Id. at 788.


**From these cases, the following general framework emerges where removal is improper but a final judgment issues with jurisdiction existing at that time:** (1) if the plaintiff did not move to remand to state court, the judgment stands (Grubbs); (2) even if the plaintiff moved to remand, the judgment will stand so long as considerations of finality and economy are compelling (particularly where a diversity case proceeds to summary judgment or trial, as in Caterpillar ); but (3) **the judgment might not stand if the plaintiff moves to remand and those**

9

> **finality and economy considerations are less significant (such as in a federal-question case that is dismissed before summary judgment, as in Waste Control** )-even if the plaintiff amended the complaint to state a federal claim. This all assumes, of course that jurisdiction exists at the time of judgment; if not, the judgment must be vacated. Caterpillar, 519 U.S. at 75-76, 117 S.Ct. 467 ("Despite a federal trial court's threshold denial of a motion to remand, if, at the end of the day and case, a jurisdictional defect remains uncured, the judgment must be vacated." (citing Fed.R.Civ.P. 12(h)(3)).)

Gentek, 491 F.3d at 326, 327 (emphasis added). Plaintiffs appear to rely upon the emboldened portions of Gentek that give rise to some tension with AmSouth.

In Gentek, the Sixth Circuit also addressed procedural and substantive issues where the removal contentions involve factual matters.

> Questions of removal similarly may involve facial and factual inquiries. When ruling on a motion to remand, a court generally looks to the plaintiff's complaint, as it is stated at the time of removal, and the defendant's notice of removal. See, e.g., Miller v. Grgurich, 763 F.2d 372 (9th Cir.1985). But federal courts may look beyond the pleadings to assess challenged facts; this may occur, for example, when the defendant alleges that the plaintiff fraudulently joined non-diverse defendants to destroy diversity jurisdiction. 16 Moore's Federal Practice § 107.41[1][e][ii]. In that context, the court may employ a summary-judgment-like procedure to examine affidavits and deposition testimony for evidence of fraud. Id. (citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 311-312 (5th Cir.2002)).

> But a district court engages in a factual inquiry regarding the complaint's allegations only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim. Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1261 (11th Cir.1997). If, on the other hand, an attack on subject-matter jurisdiction also implicates an element of the cause of action, then the district court should " find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's claim." Id. (quoting Williamson, 645 F.2d at 415-16) (emphasis added)). This provides a "greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) ... or Rule 56 ... both of which place greater restrictions on the district court's discretion...." Id. (quoting Williamson, 645 F.2d at 415-16). "As a general rule a claim cannot be dismissed for lack of subject-matter jurisdiction because of the absence of a federal cause of action." Id. (quoting Williamson, 645 F.2d at 415-16). "The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in

10

those cases where the federal claim is clearly immaterial or insubstantial." Id. (quoting Williamson, 645 F.2d at 415-16). We follow these principles. See Moore v. LaFayette Life Ins. Co., 458 F.3d 416, 444 (6th Cir.2006) (quoting Williamson and explaining that when the basis of federal jurisdiction is intertwined with the plaintiff's cause of action, the court should assume jurisdiction over the case and decide the case on the merits); but cf. id. at 452 (Cook, J., dissenting) (noting that if the disputed question determines whether the plaintiff is a proper party, such as whether the plaintiff is a "participant" under ERISA, the district court should address first that jurisdictional question).

Id. at 330, 331.

Of the Gentek principles[4] applicable here, Plaintiffs assert that they did not waive any objection to the initial removal, as evidenced by their motion to remand. Because this action has not proceeded to trial or judgment, Plaintiffs argue that under Gentek, " the judgment [in this action] might not stand if the plaintiff moves to remand and those finality and economy considerations are less significant (such as in a federal-question case that is dismissed before summary judgment, as in Waste Control )-even if the plaintiff amended the complaint to state a federal claim. This all assumes, of course that jurisdiction exists at the time of judgment; if not,

---

[4]Plaintiffs cite other authorities for the proposition that dismissal of the non-diverse party does not prevent remand where a final judgment has not been entered, citing Sherman v. A. J. Pegno Constr.Co., 528 F. Supp.2d 320, 325 (S. D. N.Y. 2007); Vasura v. Acands, 84 F. Supp. 2d 531,536 (S. D. N.Y. 2000);; B & B Enters v. City of Lebanon, 422 F., Supp. 2d 903, 905 (M.D. Tenn. 2006)(court lacks jurisdiction to cure a premature removal); Federal Deposit & Ins. Corp. v. Tyco Int's. Ltd., 422 F. Supp.2d 357, 368 (S. D. N.Y. 2006) (post removal settlement with a non-diverse party does not cure a removal that was defective the time the action was filed); Milano v. New York City Taxi and Limo Com'n, 2007 WL 959295 at *3 (S.D. N.Y. Mar. 26, 2007) ("[i]f diversity jurisdiction did not exist based on the allegations contained in the original Complaint, then the matter may not be removed to federal court; nor may the matter remain in federal court on the basis of apparent diversity jurisdiction if amendments to the Complaint subsequently dismiss nondiverse parties"); Ray v. Laidlaw Med. Transp., Inc., No. 1:05-CV-232, 2006 U.S. Dist. LEXIS 1198, *12-14 (N.D. Ind. Jan. 13,2006) (final judgment is required even where plaintiff voluntarily cures jurisdictional defect); Soriano v. Amvac Chem. Corp., 2003 WL 2147557 (E.D. La June 23,2003); and Rodow v. Monsanto, 2001 WL 228163 (N.D. Cal. Mar. 1,2001) .

11

the judgment must be vacated. Caterpillar, 519 U.S. at 75-76." 491 F.3d at 327.

To be sure, in AmSouth, the Sixth Circuit stated as to the diversity jurisdiction issue in the removal of Plaintiffs' Mississippi action that:

> "the Mississippi litigation had been, possibly incorrectly, removed to the federal district court for the Southern District of Mississippi; but now, the Mississippi litigation is likely correctly in federal court under Caterpillar, as the incorrect removal can be cured by the subsequent creation of jurisdiction."

386 F.3d at 785 (emphasis added). Yet, the Sixth Circuit expressly declined to decide the removal issue. Id. at 780.

In AmSouth, the Sixth Circuit also cited and quoted Gruvo Dataflux v. Altas Global Group, L.P., 541 U.S. 567 (2004) that Gentek did not cite, as follows:

> Although normally jurisdiction depends upon the facts as they are at the time of filing, curing a jurisdictional defect through dismissal of a party that destroys diversity 'ha[s] long been an exception to the time-of-filing rule.' Gruvo Dataflux v. Altas Global Group, L.P., No.02-1689, 541 U.S. ---, --- - ---,124 S.Ct. 1920, 158 L.Ed 2d 866 (2004)).
>
> \* \* \*
>
> In Gmvo Dataflux and Cateruillar, the Court indicated that the cure of jurisdiction accomplished by the **dismissal of a nondiverse party can also serve to cure the statutory defect existing where a case is removed at a time when it is not in the original jurisdiction of the district courts** of the United States within the meaning of 28 U.S.C. 6 1441(a). Gruvo Dataflux, 541 U.S. at ---, 124 S. Ct. at 1920.

Id., at 777, 779 (emphasis added).

In the Court's view, Grupo establishes the critical distinction that exists here and was not discussed in Gentek. This distinction may assist in understanding the language in Gentek that is relied upon by Plaintiffs and their related contentions of lack of complete diversity at the time of removal and the lack of a final judgment on the merits. In analyzing the Fifth Circuit's misinterpretation of Caterpillar, the majority opinion in Grupo announced a distinction on this

12

jurisdictional issue that differentiates between actions originally filed in a federal court and state actions that are removed to federal court:

> ...[T]he crux of analysis in Caterpillar ... related not to cure of the *jurisdictional* defect, but to the cure of the *statutory* defect,, namely failure to comply with the requirement of the removal statute, 28 U.S.C. § 1441(a), that there be complete diversity at the time of removal. The argument to which the statement was directed took it as its *starting point* that subject-matter jurisdiction had been satisfied:'ultimate satisfaction of the subject matter jurisdiction requirement ought not swallowed up antecedent *statutory* violations.' The resulting holding of Caterpillar, therefore, is only that a statutory defect- ' Caterpillar's failure to meet the §1441(a) requirement that the case be fit for federal adjudication at the time the removal is filed'- did not require dismissal once there was no longer any jurisdictional defect.

541 U.S. at 574 (emphasis in the original).

In other words, under Grupo, if the action were filed originally in federal court, then a jurisdictional defect cannot be cured by any subsequent act of a party because such a defect is a "jurisdictional defect", as in Grupo. If, however, the defect arises in an action removed from state court, that defect can be cured by the subsequent act of a party or by considerations of finality.

In the Court's view, based upon this distinction, Plaintiffs erroneously focus on the absence of jurisdiction at the time of initial removal and the lack of a final judgment because under Grupo, this action was removed from state court and any jurisdictional issue poses a statutory defect that can be cured. If this action had been originally filed in the Mississippi federal court, then the non-diverse party issue would have posed a jurisdictional defect that could not have been cured. As this is a removal action, any defect is a "statutory defect" that is curable. The Tennessee plaintiff's nonsuit cured any issue of jurisdiction due to the lack of complete diversity at the time of removal. In addition, Plaintiffs agreed to the dismissal of FTB, the non-diverse party and the Court granted their joint motion to dismiss. (Docket Entry Nos. 285 and

13

286). Plaintiffs' act of agreement to dismiss also cured the cited statutory defect. This conclusion renders consideration of the parties' other contentions moot, but in the event of an appeal of this ruling, the Court will address them based upon considerations of judicial efficiency.

Regions contends that its "Supplemental Notice of Removal" was filed on July 15, 2003, also cures any defect. This notice was filed when this action was in federal court. The Mississippi state court action was removed in 2002. Once the removal notice is filed "nothing [is left] in the Circuit Court of Greene County, Alabama for Greyrock to remove." In re Plowman, 218 B.R. 607,615 (Bankr. N.D. Ala. 1998). Any subsequent notice of removal, "served no purpose: with nothing in the state court to remove, nothing could be removed. Id. For purposes of Section 1446, the "pleading, motion, order or other paper" must be generated in the state court. Kocaj v. Chtysler Carp., 794 F. Supp. 234, 237 (E.D. Mich 1992) ("'within thirty days after receipt by the defendant, through service or otherwise' . . . plainly refers to items served or otherwise given to a defendant in a state court case"); Johansen v. Employee Benefit Claims, Inc., 668 F. Supp. 1294, 1296 (D. Minn. 1987) ("every court which has faced the issue . . . has construed the phrase 'or other paper' as referring solely to documents generated within the state court litigation itself").

To be sure, Section 1446(b) also permits amendment to removal notices "prior to the expiration of the thirty-day period for seeking removal." Uppal v. Elec. Data Sys., 316 F.Supp. 2d 531, 535 (E.D. Mich. 2004) (quoting 14C Wright, Miller & Cooper, Federal Practice and Procedure § 3733 at 357-61 (3d ed. 1998)). After that thirty days limit, "the notice may be amended only to set out more specifically the grounds for removal that already have been stated,

14

albeit imperfectly, in the original notice." Uppal, 316 F. Supp. 2d at 535 (quoting Wright, Miller & Cooper, id.). This curing of technical defects in a notice of removal does not permit adding new grounds for federal jurisdiction. Id. (citations omitted). Yet, the Sixth Circuit permits technical corrections. See Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co., 5 F. 3d 963,969 (6th Cir. 1993) (leave to amend removal notice granted to add allegations of citizenship of individual partners (who were already parties) in further support of defendant's claim that there was complete diversity); Gafford v. G.E. Co., 997 F.2d 150, 164 (6th Cir. 1993) (amended notice of removal to correct defendant's principal place of business, filed more that 30 days after removal). Because Regions's supplemental removal notice, in effect, stated new grounds for removal, the supplemental removal notice is not technical correction.

For its contention that its supplemental remand notice was proper, Regions cites Davis v. Life Investors, Inc. Co., 214 F. Supp. 2d 691 (S.D. Miss. 2002). Yet, Davis is inapplicable here because diversity cases may not be removed more than one year after they are initially filed. 28 U.S.C. § 1446(b) ("a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action"). This action had not been stayed and the Mississippi action had been pending for more than a year before the Defendant's supplemental notice.

As to whether FTB was fraudulently joined the "removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants." Coyne v. Am. Tobacco Co., 183 F. 3d 488,493 (6th Cir. 1999). The removing party must present "clear and convincing evidence" that joinder was intentional to defeat federal jurisdiction. Bucksnort Oil Co. v. Nut'l Convenience Stores, Inc., 585 F.Supp. 883, 885-86

15

(M.D. Tenn 1984). Here, Plaintiffs allege that FTB caused losses of tens of millions in its management of their accounts at FTB. The Court concludes that Regions' fraudulent joinder contention lacks merit. See also Lewis v. Indus. Demolishers, Inc., 1995 U.S. Dist. LEXIS 2549, *5-7 (E.D. La. Feb. 24, 1995) (plaintiffs' uncontroverted evidence of validity of claims against non-diverse defendant warrants a remand).

For the above stated reasons, the Court concludes that Plaintiffs' renewed motion to remand this action to the Circuit Court of Hinds County, Mississippi should be denied. In light of Gentek, and given Plaintiffs' jurisdictional challenge, the Court will consider a request for an interlocutory appeal of its ruling. 28 U.S.C. § 1292(a)(1).

An appropriate Order is filed herewith.

ENTERED this the 28 day of January, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge